UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NICOLA FORREST, on her own behalf and
others similarly situated,

      Plaintiff,

v.

SENIORBRIDGE FAMILY COMPANIES,
INC., a Florida Corporation.

      Defendant.

_____/

## COMPLAINT

Plaintiff, NICOLA FORREST ("FORREST"), by and through her undersigned attorney, hereby files this Complaint against SENIORBRIDGE FAMILY COMPANIES, INC., ("SENIORBRIDGE") and states:

### JURISDICTION AND VENUE

1. This suit is brought against the Defendant pursuant to 29 U.S.C. §§201 et seq. ("Fair Labor Standards Act" or "FLSA"), and other statutory and common law violations.

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), 28 U.S.C. §1331 and 28 U.S.C. §1343.

1

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiffs were employed in the Southern District of Florida by Defendant, "SENIORBRIDGE", which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and/or, pursuant to 28 USC Sections 1391(b) and (c), because the acts that give rise to Plaintiff's (and all similarly situated employees) claims occurred within the Southern District of Florida and because Defendant are subject to personal jurisdiction there.

4. All conditions precedent to the maintenance of this action have been performed or waived.

## PARTIES

5. NICOLA FORREST resides within the Southern District of Florida.

6. Defendant, SENIORBRIDGE, is a Florida corporation with its principal place of business in New York, New York, which, at all times material, conducted substantial and continuous business in the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. The company has gross revenue which exceeds $500,000 for each of the past (3) years and/or utilizes goods in the flow of commerce across state lines.

7. Defendant SENIORBRIDGE is an "employer" pursuant to 29 USC Section 203(d) of the Fair Labor Standards Act.

8. Defendant SENIORBRIDGE is an "enterprise" pursuant to 29 USC Section 203(s) of the Fair Labor Standards Act.

9. Defendant **SENIORBRIDGE** is an enterprise "engaged in commerce" pursuant to 29 USC Section 203(s) of the Fair Labor Standards Act.

10. During all times relevant to this action, Defendant **SENIORBRIDGE** was an enterprise engaged in commerce as defined in 29 U.S.C. §203(r) and (s).

11. **FORREST** (and all similarly situated employees) is an "employee" pursuant to 29 U.S.C. §203(e)(1) of the FLSA, and is entitled to invoke individual coverage under the Act because she worked as a health care aid for **SENIORBRIDGE**, working for patients requiring in-home care.

12. **FORREST** (and all similarly situated employees) is a non-exempt employee of Defendant **SENIORBRIDGE**, who is subject to the payroll practices and procedures described in Paragraphs 15 through 23 below, and who worked in excess of forty (40) hours during one or more workweeks within (3) years of the filing of this complaint.

13. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§201-219 in that **FORREST** (and all similarly situated employees) performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid.

## STATEMENT OF FACTS

14. Within the past three (3) years, **FORREST** worked as a health care aid for patients requiring in-home care.

15. **FORREST** has been trained in the same manner as the initial training of a Registered Nurse (RN).

16. Plaintiff (and all similarly situated employees) performed services for Defendant for which she did not receive proper overtime pay.

17. The Defendant and their representatives knew that FORREST (and all similarly situated employees) was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. The Defendant maintained complete control over the hours Plaintiff (and all similarly situated employees) worked and the pay she was to receive.

19. In the course of employment with Defendant, Plaintiff (and all similarly situated employees) worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

20. FORREST (and all similarly situated employees) worked in excess of forty (40) hours per workweek more than once during their employment with Defendant. In fact, Plaintiff averaged approximately 60 - 80 hours per week during the previous three (3) years.

21. The records, if any, concerning the number of hours actually worked by Plaintiff (and all similarly situated employees), and the compensation actually paid to them, are in the possession and custody and control of Defendant, and Plaintiff is unable to state at this time the exact amount owed to her or to each similarly situated employee. Plaintiff (and all similarly situated employees) proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

22. FORREST has retained the undersigned firm to prosecute this action on her behalf, and has agreed to pay it a reasonable fee for its services.

23. FORREST (and all similarly situated employees) is entitled to her reasonable attorneys' fees if she is the prevailing party in this action.

## COUNT ONE – OVERTIME

24. Plaintiff (and all similarly situated employees) re-alleges and re-avers paragraphs 1-23 as fully set forth herein.

25. Plaintiff (and all similarly situated employees) is entitled to be paid time and one-half for each hour worked in excess of forty (40) hours in each workweek.

26. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiff (and all similarly situated employees) has suffered damages, e.g., back pay for overtime wages, liquidated damages, compensatory damages, plus incurring costs and reasonable attorney's fees.

27. As a result of Defendant's willful violations of the FLSA, and the failure to pay overtime which was not in good faith, as discussed above, Plaintiff (and all similarly situated employees) is entitled to liquidated damages as provided in Section 216 of the FLSA, and is entitled to recover damages for three (3) years.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, FORREST demands judgment for:

a. Overtime payment, Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff (and all similarly situated employees) by reason of Defendant(s)' violation of the FLSA.

b. Interest on the amount found due;

c. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. A jury trial on all issues so triable;

e. Plaintiff's (and all similarly situated employees) cost of suit herein together with reasonable attorney's fees incurred in this action; and

f. Such other relief as the Court deems just and proper.

## COUNT TWO – DECLARATORY RELIEF

28. Plaintiff (and all similarly situated employees) re-alleges and re-avers paragraphs 1-23 as fully set forth herein.

29. Plaintiff (and all similarly situated employees) and Defendant have an FLSA dispute pending, over which this Court has jurisdiction according to 28 U.S.C. §1331 as a federal question exists.

30. This Court also has jurisdiction to hear Plaintiff's (and all similarly situated employees) request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

31. Plaintiff (and all similarly situated employees) is in a position to obtain declaratory relief.

32. Defendant employed Plaintiff (and all similarly situated employees) and failed to pay Plaintiff (and all similarly situated employees) for all hours worked and Plaintiff (and all similarly situated employees) is entitled to overtime and minimum wages pursuant to 29 U.S.C. §207(a)(1).

33. Defendant failed to keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

34. Defendant did not rely upon a good faith defense.

35. Plaintiff (and all similarly situated employees) is entitled to an equal amount of liquidated damages.

36. It is in the public interest to have these declarations of rights recorded.

37. Plaintiff's (and all similarly situated employees) declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

38. The declaratory judgment action terminates and affords relief from uncertainty, insecurity and controversy giving rise to the proceeding.

WHEREFORE, FORREST (and all similarly situated employees) demands a declaration of rights finding that:

   a. An employer/employee relationship existed between Defendant and Plaintiff (and all similarly situated employees);

   b. Plaintiff (and all similarly situated employees) worked over forty hours in a work week without receiving appropriate overtime compensation pursuant to the FLSA;

c. Plaintiff (and all similarly situated employees) worked hours for which Defendant failed to pay Plaintiff (and all similarly situated employees) minimum wages pursuant to the FLSA;

d. Defendant failed to keep accurate time records;

e. Defendant failed to prove a good faith defense;

f. Plaintiff (and all similarly situated employees) is entitled to overtime compensation and compensation for hours worked which were paid below minimum wage; liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA;

g. Any such other declarations as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff (and all similarly situated employees) demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 10, 2011

/s/Charles Eiss
CHARLES M. EISS, Esquire
Law Offices of Charles Eiss, P.L.
Attorneys for Plaintiff
8211 W. Broward Boulevard
Suite 375
Plantation, Florida 33324
(954) 812-9513
Fla. Bar #612073

## VERIFICATION PAGE

*Nicola Forrest*
NICOLA FORREST

STATE OF FLORIDA    )
                    ) SS:
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority, personally appeared **NICOLA FORREST**, who after being by me first duly sworn deposes and states that she executed the foregoing Complaint and the facts contained therein are true and correct to the best of her knowledge and belief.

SWORN TO and subscribed to before me this the 12th day of October, 2011.



C. Snyder
NOTARY PUBLIC

____ Personally known
  X  I.D. Provided/Type of I.D. Provided: Fla. Drivers Lic

## NOTICE OF CONSENT TO JOIN

The undersigned, NICOLA FORREST, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

*Nicola Forrest*
CLIENT SIGNATURE

Nicola Forrest
PRINT NAME